In the Matter of JOSEPH J. KINSLOW, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, January 13, 1966.

*Michael Franck* of counsel (*John G. Bonomi,* attorney), for petitioner.

*Ben A. Matthews* and *Vincent P. Uihlein* of counsel (*Harper & Matthews,* attorneys), for respondent.

*Per Curiam.* Respondent was admitted to the Bar in 1952. For some years he devoted himself to litigation before the Workmen's Compensation Board. In 1958 he purchased a bar and grill and for a year gave most of his time to its management. Due to financial and personal pressures, he entered upon a course of irresponsible conduct which was overcome by the end of 1961. During this period the three incidents on which the charges against him are based occurred.

Of the four charges, three were sustained by the Referee, and there is no dispute as to his findings. The first and second charges relate to a decedent's estate of which respondent was the executor. The estate consisted of a bank account of approximately $8,700. Respondent appropriated about half of this sum. When the matter first came to the attention of the Grievance Committee of the Association of the Bar, an inquiry was addressed to respondent. He replied that he was preparing his final account and would shortly make distribution. When he so wrote he knew that the estate had no funds and he himself was without means to supply the deficiency. However, after this proceeding was initiated he did get funds and settled the estate. The fourth charge concerns a negligence action which respondent was retained to bring. He served a summons but no complaint and the action was eventually dismissed for lack of prosecution. Respondent's claim that the file in the case was lost was not deemed by the Referee to excuse his

neglect — a conclusion with which we agree. After this proceeding was sent to the Referee for hearing, respondent settled with his former client for $400, a settlement that the record indicates was adequate.

We do not minimize the seriousness of these charges. Nor does the excuse, even though credited, that the departures from ethical conduct occurred during a period when pressures induced the temporary course of conduct which blunted respondent's sense of responsibility, exculpate him. We do recognize that acts committed under these circumstances do not always indicate permanent unfitness to be a member of the Bar.

The misappropriation of a client's funds under any circumstances however, mandates some disciplinary action. Even where the appropriation did not amount to more than an inadvertence followed by immediate restitution, censure was ordered (*Matter of Pinckney*, 276 App. Div. 700; *Matter of Danowit*, 7 A D 2d 361). Here there was more than inattention. The taking was deliberate and though there may have been an intent to restore, clearly respondent could not have known where the means of restoration were to come from. A more serious sanction is inevitable.

The respondent should be suspended from practice for a period of one year.

BOTEIN, P. J., BREITEL, STEVENS, EAGER and STEUER, JJ., concur.

Respondent suspended for one year, effective February 14, 1966.